## CIRCUIT COURT OF FAIRFAX COUNTY

Dennis Dean Kirk

v.

Slocum, Boddie & Murry, P.C.

### July 25, 1995

### Case No. (Chancery) 137773

BY JUDGE M. LANGHORNE KEITH

This case was taken under advisement on July 14, 1995, to consider the defendant's motion to disqualify plaintiff's counsel. For the reasons which follow, the motion is denied.

In this action, Kirk, a former law partner of the defendants, is suing his former partners individually and corporately in six counts for an accounting of the partnership assets, for the partners' breach of fiduciary duty, for dissolution of the current professional corporation, for wrongful termination of employment, for the current directors' breach of fiduciary duty, and for fraud.

The defendants claim that Mr. Hirschkop and his firm must be barred from representing Kirk because Hirschkop had defended the partnership for roughly four months in a malpractice action during the time period when the relevant events of the instant case were taking place. That action was nonsuited, and when it was refiled, Hirschkop undertook to represent Kirk individually, not the partnership. Since part of this suit seeks from defendants fees paid by Kirk to Hirschkop on the partnership's behalf for the defense of the malpractice action, it is claimed that Hirschkop has a conflict and is barred by the canons of ethics from representing Kirk.

Defendants cite Legal Ethics Opinion # 672 as authority for their position. That opinion states that it would be proper for an attorney to represent a plaintiff against a former client unless there are: (1) confidences and secrets gained during the prior representation which may be used to the former client's disadvantage; and/or (2) the subject matter of the two rep-

resentations is "substantially related," in which case the former client may object to the representation.

The Court finds that in the circumstances of this case, even if there were confidences and secrets gleaned from the defendants, such confidences are not implicated in this suit. The defendants themselves claim that Hirschkop is likely to be called only to establish what he did for the firm and what his fees were. It is not evident, and the defendant has not indicated, how any confidences would be used against them by Hirschkop's testimony regarding his fees.

Moreover, the two representations do not appear to be substantially related. Hirschkop defended the firm in a nonsuited malpractice action. When that suit was reinstated, he represented Kirk only and individually. This suit is only related to those representations in the most tangential manner. The malpractice representation only has relevance to establishing which fees paid by Kirk to Hirschkop, if any, are to be reimbursed by the defendants. The substance of the malpractice action is not implicated in this suit.

Legal Ethics Opinion # 1596 (June 14, 1994), contains a concise statement of the ethical rules governing these circumstances:

> The committee has repeatedly opined that the earlier representation of a client who is now the adverse party in a suit brought on behalf of another client is not *per se* sufficient to warrant disqualification of the lawyer on ethical grounds. [Citations omitted.] Additional critical factors to the determination of disqualification are the relatedness of the two matters and the issue of whether the lawyer obtained secrets and confidences of the first client in the course of the representation.

Code of Virginia Legal Ethics and Unauthorized Practice Opinions, 1995 Cum. Supp. at 300. The standard of proof is high in such cases, given the inherent possibilities of abuse of such motions. *In re Chantilly Construction Corp.*, 39 B.R. 466, 468 (Bkrtcy. E.D. Va. 1984). The Court is not convinced that defendants have shown the existence of any confidences, nor how they would, if established, result in their detriment or be otherwise "substantially related" to this case. The Court must also consider that there are related actions which have been stayed pending the outcome of this case, and that defendants, despite Hirschkop's presence in this case since March 10, 1995, have waited until now to make their objection.

The Court is not willing to bring this case to a halt while plaintiff obtains counsel at this late date. The motion to disqualify is denied.